Anderson, J.
This is an indictment for an attempt to commit an offence under section TO, of chap. 199 of the Code, as amended by chap. 45, of the acts of Assembly of 1871-72. When the statute makes an attempt to commit an offence punishable, the commission of which was a crime antecedent to the statute, it is sufficient to charge the attempt in the terms of the statute; but it is necessary to describe the offence which the accused is *956 charge with having attempted to commit, with the same legal precision and certainty, and in the terms, with which it is necessary to describe it in an indictment . . .. tor .the commission ot the offence. Thus, this being an indictment for an attempt to commit a rape, the offence of rape must be described with all the precision and certainty, and in the terms required, in an indictment for a rape. And it seems to have been well settled, that the word “ ravish ” is a technical term necessary to he employed in the deseription of the offence in an indictment. “ It is essential to aver that the offender did feloniously “ ravish” the party, and the omission of the word ravished, will not be supplied by an averment that the offender did carnally know. 1 Russ, on Crimes 686. And in Howels cause, 2 Gratt. 664, 672, J. Lomax delivering the opinion of the court, says: “ In framing indictments upon statutes, as in the present case, it is in general ne- . cessary, not only to set forth on the record all the circumstances which make up the statutable definition of the offence, but also to pursue the precise and technical language in which they are expressed; and upon this ground, an indictment for rape must contain the word “lavished.” Ror will any expressions of force or carnal knowledge excuse its omission.”
Was this indispensable requirement, in pleading, changed by the revisal of 1849, by simply dropping the word “ ravish ” from the statute ? If the offence charged was an offence antecedent to the statute, it must be described as required before the statute was enacted. For illustration: If thestatute declares that any person who commits the ci’ime of rape, shall be punished by confinement in the penitentiary, which was the punishment before the revisal of 1849, it would not be sufficient to charge in the indictment that the accused had committed rape, but it would be necessary in describing the offence, *957 to pursue the precise and technical language prescribed; and the indictment must contain the word “ ravished.” So, if the statute, as it does, declares that “if any person shall carnally know a female of the age of twelve years or more, against her will, by force, he shall be punished,” as above, the statute does not create a new offence. For, although the word “ rape” is notin the body of the act, the heading, taken in connection with the body of the act, shows that it is the offence meant. It must therefore be described in the indictment with all the particularity required before this statute was enacted. The only alteration made in the act of 1849, by the amendatory act of February 9, 1866, is the omission of the third word, “ white ” in the first line, and prescribing the punishment of death, or confinement in the penitentiary, as in the revisal, at the discretion of the jury. Sess. acts of 1865-6, p. 82, Code of 1860, ch. 191, sec. 15, p. 785. We are of opinion that the words “ carnally know,” &c., employed by the statute, give to it no greater force or effect than the word rape would have given to it. 3 Ark. R. 400.
But even if this were not so, the act under which this prosecution is made, was the word “ rape,” instead of the words “ carnally know,” and declares the offence to be an attempt to commit “rape.” We are of opinion, therefore, that in an indictment for an offence under this act, it is necessary to describe the crime of rape, in the-terms in which that offence could only be described; and that without the insertion in the indictment of the-word '“ ravish,”' it would be fatally defective, even after-verdict.
We think, also, that the offence of an attempt ought to-be set out in the terms of the statute; that is, that the accused attempted to commit the crime of rape, (describing that crime as in an indictment for rape;) that *958 *n suc^ attempt, any acts which were done towards its commission,—but that the accused failed to commit it, or was prevented from committing it. The indictment should charge acts done, not merely to obtain the con-sent 0;f the female, but showing a purpose to ravish her, against her consent. We think such acts are necessary to be shown, in order to constitute the crime created by the statute. They are necessary elements or constituents of the crime of an attempt.
If they were sufficiently charged^in the indictment, we are clearly of opinion that they are not sufficiently shown by the certificate of facts in this case. It is the province of the jury to weigh the evidence, and to decide what facts are proved; subject, of course, to the supervision of the court. But, whether the facts proved do constitute the offence charged, is a question of law, proper to be decided by the court. In this case the facts proved are certified, and the question is, do they constitute the offence charged?
Whether the proof is sufficient or not, must depend on- the circumstances of each case ; among which the character and condition of the parties may have an important bearing. Acts of the accused, which would be ample to show and to produce conviction on the mind, that it was the wicked attempt and purpose to' commit this infamous crime* if done in reference to a female of good and virtuous character, would be wholly insufficient to establish guilt, if they were acts done to a female of dissolute character, or easy virtue. The certificate of facts in this case shows, that the accused and the prosecutrix, were both negroes, and had been to witness some dramatic exhibition of negroes at night, at the Metropolitan hall, to which the prosecutrix had gone with the accused, and at his expense; and that the alleged attempt to commit this crime, was against *959 one, whose virtue had been overcome on previous occasions ; as she was, by her own admission, the mother of two bastard children. The evidence indicates that he had wooed her pretty roughly in a way that would have been horrible and a shocking outrage toward a woman of virtuous sensibilities, and should have subjected him to the severest punishment which the law would warrant. But how far it affected the sensibilities of the prosecutrix does not appear. It by no means appears, from the facts certified, that it was an attempt to ravish her, against her will, or that it was not only an attempt to work upon her passions, and overcome her virtue, which had yielded to others before—how often it does not appear. But, that he desisted when he could probably have accomplished his purpose, if it had been to force her, when he found her more unyielding, than he perhaps expected. Without any interference, or any outcry on her part, together with his after conduct, show, we think, that his conduct, though extremely reprehensible, and deserving of punishment, does not involve him in the crime which this statute was designed to punish. We are of opinion, therefore, to reverse the judgment of the Hustings court of the city of Bichmond.
Christian, Staples and Bouldin, Js., concurred in the reversal of the judgment upon the facts proved; but they thought the indictment good.
Moncure, P., concurred in the opinion of Anderson, J.
Judgment reversed.